**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Adolyn C. Wyatt (VSB No. 97746)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
jeremy.williams@kutakrock.com
adolyn.wyatt@kutakrock.com
*Counsel to Peter J. Barrett, Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: | Chapter 7 |
| DAVID WAYNE SCHNEIDER, | Case No. 21-30347 (KLP) |
| Debtor. | |
| PETER J. BARRETT, TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Proc. No. _____ |
| TERESA SCHNEIDER HEATH, | |
| Defendant. | |

## COMPLAINT

Peter J. Barrett, Chapter 7 Trustee for the Bankruptcy Estate of David Wayne Schneider ("Trustee"), by counsel, files this Complaint pursuant to 11 U.S.C. §§ 362, 542, 544, 549 and 550, Virginia Code §§ 55.1-400 through 403 and Rule 7001 of the Federal Rules of Bankruptcy Procedure to recover damages from, and avoid certain transfers to, Teresa Schneider Heath (the "Defendant"). In support thereof, the Trustee states as follows:

4889-3334-3822.1

## PARTIES

1. On February 2, 2021 (the "Petition Date"), David Wayne Schneider (the "Debtor") filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") in this Court.

2. The Trustee was appointed to administer the Debtor's bankruptcy estate and continues to serve as trustee in this case.

3. The Defendant is the Debtor's sister and currently resides in Hanover, Virginia.

## JURISDICTION AND VENUE

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (F).

5. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

6. This Court is the proper venue pursuant to 28 U.S.C. § 1409.

7. This Court has personal jurisdiction over all necessary parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

## FACTS

### The Property

8. Pursuant to a Deed of Gift dated July 2, 2004, John L. Schneider, Jr. and Myrna W. Schneider, the Debtor's parents and the Debtor, granted to themselves certain real property located at 6319 Cold Harbor Road, Mechanicsville, Virginia (the "Property"). A true and correct copy of the Deed of Gift is attached hereto as **Exhibit A**.

9. The Property is more particularly described as follows:

All that certain lot, piece or parcel of land, with improvements thereon, lying and being in Henry Magisterial District, Hanover County, Virginia, being Lot 1, Block A, Section 1, on the Plan of Hanover Farms, made by LaPrade Bros., Civil Engineers, Richmond, Virginia, dated May 20, 1957, and recorded July 31, 1957, in Plat Book 24, Page 115, in the Clerk's Office of the Circuit Court of Hanover County, Virginia, to which plat reference is hereby made for a more particular description of said lot.

Being the same real estate conveyed to John L. Schneider, Jr. and Myrna W. Schneider, husband and wife, and David Wayne Schneider and Kellie Allen Schneider, husband and wife, by deed of gift from John L. Schneider, Jr. and Myrna W. Schneider dated June 12, 1992, and recorded in the Clerk's Office of the Circuit Court of Hanover County, Virginia on June 17, 1992, in Deed Book 920 at Page 119.

10. On April 16, 2016, Myrna Schneider passed away. Upon the passing of Ms. Schneider, the Property was thereafter owned as tenants-in-common by the Debtor and his father, John L. Schneider, Jr., at all relevant times, including as of the Petition Date.

11. On April 12, 2021, after the Petition Date, John L. Schneider, Jr. and the Debtor executed a Quitclaim Deed in which they conveyed the Property to themselves and to the Defendant. As such, the Debtor and John L. Schneider, Jr. each attempted to grant the Defendant a 1/6 interest of their interest in the Property (the "**Postpetition Transfer**"). A copy of the Quitclaim Deed is attached hereto as **Exhibit B.**

12. The approval of this Court was neither sought nor received in connection with the Postpetition Transfer.

13. On May 1, 2021, John L. Schneider, Jr. passed away.

14. Upon information and belief, absent the Postpetition Transfer, the interest of John L. Schneider, Jr. in the Property would have passed to the Debtor.

15. As such, and absent the Postpetition Transfer, the Debtor would be the sole owner of the Property.

16. Based on certain public information, the Property is currently encumbered by: (i) a lien in favor of Wells Fargo Bank, N.A. in the approximate amount of $58,000.00; (ii) a lien in favor for the Internal Revenue Service for $382,445.54; (iii) a lien in favor of Hanover County in the amount of $15,000.00; (iv) a lien in favor of Justin Regensburg in the amount of $2,500.00; and (v) a lien in favor of Daniel Geiger in the amount of $10,000.00.

17. A potential settlement has been recached, subject to Court approval, with respect to the lien of the Internal Revenue Service.

18. Upon information and belief, the Property is currently valued at $276,500.

## COUNT I

### Avoidance of Fraudulent Transfers under Va. Code § 55.1-400

19. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

20. The Postpetition Transfer was made within the last five years.

21. The Postpetition Transfer was made with the sole purpose of delaying, hindering, or defrauding the creditors of the Debtor.

22. The Postpetition Transfer is avoidable as fraudulent pursuant to Va. Code § 55.1-400.

**WHEREFORE**, the Trustee requests the Court to enter an order under 11 U.S.C. § 544 and Va. Code § 55.1-400: (i) avoiding as fraudulent, the Postpetition Transfer made to the Defendants and (ii) awarding any further relief as the Court deems just and proper.

## COUNT II

### Avoidance of Voluntary Conveyance Under Va. Code § 55.1-401

23. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

24. At the time of the Postpetition Transfer, no consideration was received by the Debtor in connection with such Postpetition Transfer or any such consideration received is not deemed valuable at law.

25. At the time the Postpetition Transfer was made, the Debtor was insolvent, or the Debtor was made insolvent thereby in that the Debtor was unable to meet his debts and obligations as they matured or came due, or in the alternative, the Debtor was thereby left with insufficient assets with which to meet his debts and obligations as they came due.

26. The Defendant knew or should have known at the time of the Postpetition Transfer, that the Debtor was insolvent, and/or would be made insolvent thereby, but accepted the conveyance of assets for her own gain and to the detriment of the Debtor's creditors.

27. Given that Postpetition Transfer to the Defendant was made while the Debtor was insolvent or made such that it rendered the Debtor insolvent and that no consideration was received by the Debtor in connection therewith, the Postpetition Transfer is voidable pursuant to Va. Code § 55.1-401.

**WHEREFORE**, the Trustee requests the Court to enter an order under 11 U.S.C. § 544 and Va. Code § 55.1-401: (i) avoiding the Postpetition Transfer and (ii) awarding any further relief as the Court deems just and proper.

## COUNT III

**Recovery of Attorneys' Fees Under Va. Code § 55.1-403**

28. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth herein.

29. This action is brought pursuant to Virginia Code §§ 55.1-400 and 401.

30. Upon information and belief, the Defendant engaged in this scheme to assist the Debtor with defrauding his creditors notwithstanding her knowledge of his outstanding debts.

31. In the event the Postpetition Transfer is avoided based on Virginia Code §§ 55.1-400 or 401, the Trustee is entitled to recover attorneys' fees against the Defendant.

**WHEREFORE**, the Trustee requests the Court to enter an order under 11 U.S.C. § 544 and Va. Code § 55.1-403: (i) granting the Trustee attorneys' fees in an amount to be established at trial and (ii) awarding any further relief as the Court deems just and proper.

## COUNT IV

**Avoidance of Unauthorized Post-Petition Transfers Pursuant to 11 U.S.C. § 549**

32. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth therein.

33. As of the Petition Date, the Property was owned one-half by the Debtor.

34. Subsequent to the Petition Date, the Debtor transferred one-sixth of his one-half interest to the Defendant.

35. The Postpetition Transfer was not authorized under the Bankruptcy Code or by this Court.

**WHEREFORE**, the Trustee requests the Court enter an order (i) avoiding the Postpetition Transfer as an unauthorized post-petition transfer pursuant to 11 U.S.C. § 549(a) and (ii) awarding any further relief the Court deems just and proper.

## COUNT V

### Sale of Defendant's Interest in the Property Under 11 U.S.C. § 363(h)

36. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth therein.

37. In the alternative and to the extent the Court determines that the Debtor is not the sole owner of the Property but is a tenant-in-common with the Defendant, the Trustee seeks authority to sell the Property pursuant to section 363(h).

38. On the Petition Date, the Debtor owned an undivided interest in the Property as a tenant-in-common with his father.

39. Upon avoidance of the Postpetition Transfer, the Debtor will either be the sole owner of the Property or a tenant-in-common with the Defendant.

40. The Debtor's interest in the Property constitutes property of the estate pursuant to 11 U.S.C. § 541.

41. The Trustee seeks authority to sell the Property free and clear of all liens and interests pursuant to 11 U.S.C. § 363(h).

42. A partition in kind of the Property is impractical.

43. The sale of the estate's undivided interest would realize significantly less for the estate than a sale of the Property free and clear of the interests of the Defendant, if any exist.

44. The benefit to the estate of a sale of the Property free and clear of any interest of the Defendant outweighs the detriment to the Defendant.

45. Upon information and belief, the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

46. To the extent any dispute arises concerning the validity, extent, or priority of any lien or interest that encumbers the Property, such liens or interests shall attach to the net sales proceeds after deducting the costs of sale to the same extent and in the same priority as will be adjudicated in an adversary proceeding determining the validity, extent, and priority of all liens and interests in such net proceeds pursuant to 11 U.S.C. § 506.

**WHEREFORE**, the Trustee requests the Court to enter an order (i) authorizing the sale of both the estate's interest and the interest of the Defendant in the Property as set forth herein and (ii) awarding any further relief the Court deems just and proper.

## COUNT VI

**Award of Damages for Violation of the Automatic Stay Under 11 U.S.C. § 362**

47. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth therein.

48. Section 362(a) of the Bankruptcy Code stays any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

49. By transferring the Property post-petition, the Defendant engaged in an act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

50. The Defendant's transfer of the Property despite notice of the Debtor's pending bankruptcy constitutes a willful violation of the automatic stay.

8

WHEREFORE, the Trustee requests the Court to enter an order (i) awarding him compensatory damages, punitive damages, and attorneys' fees pursuant to 11 U.S.C. §362(k) in an amount to be determined a trial and (ii) awarding any further relief the Court deems proper.

### COUNT VII

### Turnover of Estate Property Pursuant 11 U.S.C. § 542

51. The Trustee reasserts and realleges the facts contained in the paragraphs above as if they were fully set forth therein.

52. The Property constitutes property of the Debtor's estate pursuant to 11 U.S.C. § 541.

53. The Defendant is believed to be residing in the Property and is otherwise in possession of the Property.

54. Absent the Defendant being in possession of the Property, the Trustee could use, sell, or lease the Property under 11 U.S.C. § 363.

55. The Defendant has refused to turn over the Property to the Trustee.

WHEREFORE, the Trustee requests the Court to enter an order (i) compelling the Defendant to turn over the Property and (ii) awarding any further relief the Court deems proper.

**PETER J. BARRETT, TRUSTEE**

By: /s/ *Jeremy S. Williams*

**KUTAK ROCK LLP**
Jeremy S. Williams (VSB No. 77469)
Adolyn C. Wyatt (VSB No. 97746)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
Jeremy.Williams@kutakrock.com
Adolyn.Wyatt@kutakrock.com
*Counsel for Peter J. Barrett, Trustee*

4889-3334-3822.1

## **EXHIBIT A**

**Deed of Gift**

4863-8628-2062.1

8733-29-1295

2004081200001110 040018007
Hanover County Circuit Court
8/12/2004 2:28:00 PM LR GIFT DEED

BOOK 2372 PAGE 669

PROPERTY IDENTIFICATION NUMBER:

CONSIDERATION: GIFT

THIS DOCUMENT WAS PREPARED BY:
LENARD W. TUCK, JR., ESQ.
TUCK & ASSOCIATES, PLC.

**THIS DEED OF GIFT,** made this 2nd day of July, 2004, by and between John L. **Schneider, Jr.** and Myrna W. **Schneider,** husband and wife, and David W. **Schneider,** single, Grantors, and John L. **Schneider, Jr.** and Myrna W. **Schneider,** husband and wife, and David W. **Schneider,** Grantees, whose address is **6319 Cold Harbor Road, Mechanicsville, Virginia 23111.**

WITNESSETH:

That for and in consideration of love and affection, the Grantors grant and convey unto the Grantee, with General Warranty and English Covenants of Title, in fee simple, as joint tenants with the right of survivorship as at common law, the real estate described on the attached Schedule "A", made a part hereof by this reference.

This conveyance is made subject to such covenants, restrictions, conditions and easements of record that may lawfully affect the subject property.

BOOK 2372 PAGE 670

WITNESS the following signature and seal:

_John L. Schneider_ (SEAL)
John L. Schneider

_Myrna W. Schneider_ (SEAL)
Myrna W. Schneider

_David W. Schneider_ (SEAL)
David W. Schneider

STATE OF VIRGINIA,
CITY/~~COUNTY~~ OF ___Richmond___, TO-WIT:

This instrument was signed and acknowledged before me, a notary public for the aforesaid jurisdiction, by John L. Schneider and Myrna W. Schneider, husband and wife, and David W. Schneider, single, grantors, this _2nd_ day of July, 2004.

_Linda C. Harry_ (SEAL)
Notary Public

My commission expires _12/31/2006_.

Book 2372 - page 670-A

ALL that certain lot, piece or parcel of land, with improvements thereon, lying and being in Henry Magisterial District, Hanover County, Virginia, being Lot 1, Block A, Section 1, on the Plan of Hanover Farms, made by LaPrade Bros., Civil Engineers, Richmond, Virginia, dated May 20, 1957, and recorded July 31, 1957, in Plat Book 24, Page 115, in the Clerk's Office of the Circuit Court of Hanover County, Virginia, to which plat reference is hereby made for a more particular description of said lot.

BEING the same real estate conveyed to John L. Schneider, Jr. and Myrna W. Schneider, husband and wife, and David Wayne Schneider and Kellie Allen Schneider, husband and wife, by deed of gift from John L. Schneider, Jr. and Myrna W. Schneider dated June 12, 1992, and recorded in the Clerk's Office of the Circuit Court of Hanover County, Virginia on June 17, 1992, in Deed Book 920 at Page 119.

INSTRUMENT #040018007
RECORDED IN THE CLERK'S OFFICE OF
HANOVER ON
AUGUST 12, 2004 AT 02:28PM
FRANK D. HARGROVE, JR., CLERK
BY: _____ (DC)

# EXHIBIT B

# Quitclaim Deed

4863-8628-2062.1

PROPERTY IDENTIFICATION NUMBER: 8733-29-1295

CONSIDERATION: GIFT EXEMPTION PER VC SECTION 55.1-811d

THIS DOCUMENT WAS PREPARED BY:
LENARD W. TUCK, JR., ESQ. (VSB 21922)

**THIS QUITCLAIM DEED,** made this 12th day of April, 2021, by and between John L. **Schneider, Jr.** and David W. **Schneider**, Grantors, and John L. **Schneider, Jr.**, David W. **Schneider** and Teresa Schneider **Heath**, Grantees, whose address is **6319 Cold Harbor Road, Mechanicsville, Virginia 23111.**

WITNESSETH:

That for and in consideration of love and affection, the Grantors do quitclaim unto the Grantees, in fee simple, as joint tenants with the right of survivorship as at common law, the real estate described on the attached Schedule "A", made a part hereof by this reference.

This conveyance is made subject to such covenants, restrictions, conditions and easements of record that may lawfully affect the subject property.

20210423000090030    1 / 3
Bk: 3308 Pg: 274
Hanover Co VA
04/23/2021 01:10:55 PM
DEED EX

WITNESS the following signature and seal:

_____ (SEAL)
John L. Schneider, Jr.

_____ (SEAL)
David W. Schneider


STATE OF VIRGINIA,
CITY/COUNTY OF HANOVER, TO-WIT:

This instrument was signed and acknowledged before me, a notary public for the aforesaid jurisdiction, by John L. Schneider, Jr. and David W. Schneider, grantors, this _____ day of April, 2021.

_____ (SEAL)
Notary Public

State of Vir...

7-31-2021
7740134

20210423000090030    2 / 3
Bk: 3308 Pg: 275
Hanover Co VA
04/23/2021 01:10:55 PM
DEED EX

## Schedule "A"

ALL that certain lot, piece or parcel of land, lying and being in Henry Magisterial District, Hanover County, Virginia, being Lot 1, Block A, Section 1, on the Plan of Hanover Farms, made by LaPrade Bros., Civil Engineers, Richmond, Virginia, dated May 20, 1957, and recorded July 31, 1957, in the Clerk's Office of the Circuit Court of Hanover County, Virginia, to which plat reference is hereby made for a more particular description of said lot.

20210423000090030
HANOVER CO CLERK'S OFFICE
04/23/2021 01:10:55 PM
SEC 58.1-802 GRANTOR'S
TAX PD. $.00
FRANK D.HARGROVE,JR,CLERK
BY: WCLUFF2


20210423000090030    3 / 3
Bk: 3308 Pg: 276
Hanover Co VA
04/23/2021 01:10:55 PM
DEED EX